Jeffry A. Davis (SBN 103299)
Joseph R. Dunn (SBN 238069)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:    858-314-1500
Fax:    858-314-1501

Special Counsel for Trustee
Leslie T. Gladstone,

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>CREATIVE CAPITAL LEASING GROUP, LLC,<br><br>Debtor. | Case No. 07-04977-PB7<br><br>Chapter 7<br><br>**EMERGENCY APPLICATION FOR EXTENSION OF STATUTE OF LIMITATIONS DEADLINE FOR AVOIDANCE ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[No hearing required]**<br><br>Dept:    4<br>Judge:    Peter W. Bowie |

Leslie T. Gladstone, duly appointment chapter 7 trustee ("Trustee") in the above-captioned matter, hereby moves the Court, on an emergency basis, for entry of an order to extend the time to file avoidance actions in this case pursuant to 11 U.S.C. §§ 544 through 553.

In support of her motion, the Trustee hereby alleges as follows:

1.    This case was commenced as a voluntary chapter 11 case on September 12, 2007 ("Petition Date").

2.    On or about October 10, 2008 ("Conversion Date"), the Debtor's chapter 11 case was converted to a case under chapter 7 and Leslie T. Gladstone was appointed as chapter 7 trustee.

1

4736241v.1

3.     On January 23, 2009, the Trustee retained Corporate Recovery Associates as financial consultant.

4.     On May 8, 2009, the Trustee retained Gordon & Rees as general bankruptcy counsel.

5.     Based upon the efforts of the Trustee's financial advisor and general bankruptcy counsel, it was determined that an in-depth investigation of the Debtor's financial affairs needed to be conducted and potential avoidance actions examined.

6.     On August 10, 2009, the Trustee retained the law firm of Mintz Levin Cohn Ferris Glovsky and Popeo, P.C. ("Mintz Levin") to serve as special avoidance counsel to work with the Trustee's financial advisor to obtain financial documents and to determine which, if any, avoidance actions should be filed. The Trustee's special avoidance counsel Mintz Levin immediately sought an order from this Court pursuant to the provisions of Federal Rule of Bankruptcy Procedure 2004 to obtain financial information and conduct examinations of a wide-range of financial institutions and individuals. In the course of its efforts, Mintz Levin has issued 31 subpoenas and conducted depositions of Michael Winick, Daniel Winick and Adrian Winick. Approximately 30,000 documents have been produced in response to the subpoenas. These documents are in addition to 44 boxes of the Debtor's financial records and additional electronic records.

7.     Some time after the Petition Date and before the Conversion Date, the Debtor's managing member, David Winick, permanently left the United States and is now residing in Israel. David Winick has avoided the efforts of the Trustee to serve a subpoena on him for documentary and testamentary evidence.

8.     The financial records of the Debtor are complex, yet incomplete and, to the extent decipherable, show use of a number of different bank accounts with moneys being shifted amongst them. Recreating the Debtor's financial history has been difficult and time consuming, and made even more so by the unavailability of David Winick to explain the Debtor's financial dealings.

9.     As a result of its investigation and consultation with the Trustee, Mintz Levin has identified a number of adversary proceedings that will be commenced on Friday, October 9, 2009. However, despite the efforts of the Trustee and Mintz Levin, documents from certain financial institutions have not yet been produced. Accordingly, despite the diligent efforts of the Trustee and

4736241v.1

Mintz Levin, it is uncertain whether the Trustee has been able to identify all transfers of the Debtor's assets which might give rise to a claim for avoidance pursuant to 11 U.S.C. §§ 544 through 553.

WHEREFORE, the Trustee prays that this Court enter its order, on an emergency basis, extending the statute of limitations pursuant to 11 U.S.C. § 546(a) through and including February 1, 2010.

Dated: October 9, 2009            /s/ Jeffry A. Davis
                                  Jeffry A. Davis
                                  Joseph R. Dunn
                                  **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
                                  Special Counsel for Trustee
                                  Leslie T. Gladstone

**POINTS AND AUTHORITIES**

The power of the bankruptcy court to grant a prospective extension of statute of limitations under 11 U.S.C. § 546(a) was recognized by the Eleventh Circuit Court of Appeals in *In re International Administrative Services, Inc.*, 408 F.3d 689 (11th Cir. 2005). In that case, the Eleventh Circuit ruled that section 546(a) is a true statute of limitations and does not operate as a jurisdictional bar. As explained by the court, "to read a jurisdictional bar into section 546 would lead to absurd results." *Id.* at 699.

In granting a prospective extension of statute of limitations under section 546(a), the court relied upon Federal Rule of Bankruptcy Procedure 9006(b) which states:

> When an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause may at any time in its discretion . . . order the period enlarged.

While the Eleventh Circuit recognized that this provisions does not explicitly encompass statutory timeframes, it held that a court's ability to extend a deadline would include "Rule 7001, which defines an adversary proceeding as one 'to recovery money or property' and Rule 7003 which governs the commencement of adversary proceedings." *Id.* Accordingly, the Eleventh Circuit affirmed the bankruptcy court's power to grant an extension of the statute of limitations under

3

4736241v.1

1 | section 546(a) for more than six months beyond the date it would have otherwise expired, including
2 | the ability to enter such an order even after the non-extended deadline.
3 |      In this case, the statute of limitations, which would otherwise expire on Saturday, October
4 | 10, 2009, is extended to Tuesday, October 13, 2009, as a result of the statute running on a Saturday
5 | and the Columbus Day holiday on Monday, October 12, 2009, pursuant to Rule 9006b (a).  The
6 | granting of an extension of the statute of limitations to February 1, 2010 pursuant to Rule 9006(b) is
7 | warranted in this case given the diligent efforts of the Trustee and Mintz Levin, the complex and less
8 | than complete nature of the Debtor's books and records, the flight out of the county to Israel by the
9 | Debtor's managing member, and the evasion of the managing of efforts to serve him with a Rule
10 | 2004 subpoena all favor the extension requested herein.

Dated:  October 9, 2009

/s/ Jeffry A. Davis
Jeffry A. Davis
Joseph R. Dunn
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
Special Counsel for Trustee
Leslie T. Gladstone

4

4736241v.1