Sean C. Coughlin, Esq. (SBN 167900)
COUGHLIN LAW FIRM
12760 High Bluff Drive, Ste. 210
San Diego, CA 92130
Tel.: (858) 369-5577
Fax: (858) 369-5575
Email: scc@coughlin-law.com
Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re

CREATIVE CAPITAL LEASING GROUP, LLC,

Debtor.

Case No. 07-04977-PB7

**DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING REGARDING SETTLEMENT**

**Dept.:** 4, Rm. 328
**Judge:** Hon. Peter W. Bowie

I, Leslie T. Gladstone, declare as follows:

1. I am the Chapter 7 Trustee for the bankruptcy estate of Creative Capital Leasing Group, LLC.

2. I make the following declaration of facts based upon my own knowledge and if called upon, can testify competently thereto, except where the same are stated upon my information and belief, as to which facts I believe them to be true.

3. On September 10, 2007, a voluntary petition was filed by Debtor Creative Capital Leasing Group, LLC ("Debtor") in the United States Bankruptcy Court for the Southern District of California, Case No. 07-04977-PB7 (the "Bankruptcy Case"). An order to convert the case to

1

DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF NOTICE OF INTENDED ACTION

1  Chapter 7 was entered on October 10, 2008. On or about that same date, I was appointed as
2  Trustee.
3       4.   On May 27, 2005, ALFREDO DINUNZIO and ROSANNA DINUNZIO
4  ("DEFENDANTS" or the "DINUNZIOS") filed a voluntary Chapter 7 petition in the United
5  States Bankruptcy Court for the Southern District of California, Case No 05-04824-PB7. On or
6  about August 11, 2005, Debtor filed an adversary proceeding against DEFENDANTS (the
7  "DiNunzio Adversary Proceeding"). In the Complaint, Debtor sought a determination that the
8  DEFENDANTS' debt to Debtor, plus interest, be found nondischargeable pursuant to 11 U.S.C.
9  § 523, based on a stipulation (the "Settlement Agreement") entered between Debtor and
10 DEFENDANTS in DEFENDANTS' previous Chapter 7 bankruptcy case (Case No. 97-02797,
11 Adversary Proceeding Case No. 97-90390) (the "Prior Case"). This Court's Order Approving the
12 Settlement Agreement (in the Prior Case), was entered on June 21, 2001.
13      5.   Debtor filed a Motion for Summary Judgment on or about April 14, 2006 (the
14 "Motion"). A hearing was held on the Motion on May 22, 2006. On June 30, 2006, the Court
15 issued its Order on Motion for Summary Judgment (the "Order"). In the Order, the Court held
16 that the portion of Plaintiff's claim that was stipulated to being nondischargeable under the
17 Settlement Agreement remained nondischargeable in Debtor's Bankruptcy Case.
18      6.   The DiNunzio Adversary Proceeding was still pending when I was appointed on
19 October 10, 2008. On or about September 21, 2009, I lodged a proposed judgment. The
20 judgment was entered on or about September 30, 2009 (the "Judgment"). The Judgment provided
21 that the debt owed by the DINUNZIOS to Debtor's estate was non-dischargeable in the amount
22 of $468,161.92.
23      7.   Since the Judgment was entered, I have made extensive efforts to collect on the
24 Judgment. Such efforts include conducting two rounds of judgment debtor examinations, post-
25 judgment written discovery requests, subpoenas to third parties, and the hiring of a private
26 investigator.
27      8.   I have executed a Settlement and Release Agreement (the "Agreement") with the
28 DINUNZIOS dated February 9, 2015. By the Agreement, the Parties desire to compromise,

2

DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF NOTICE OF INTENDED ACTION

resolve and settle the Judgment and all disputes between the Parties, including, without limitation, all claims, rights, demands, suits, controversies, accounts, promises, damages, losses, injuries, disagreements, covenants, actions, causes of action of every kind, debts, costs, or liabilities between them, whether known or unknown, individually or collectively, based upon, arising out of, relating to, or in connection with any and all events, relationships, prior dealings, acts or omissions, agreements or any other thing which may have heretofore occurred or failed to have occurred between the Parties through the date hereof, arising out of or related to the DiNunzio Adversary Proceeding or the Judgment (the "Disputes").

        9.     The Agreement contains the following material terms:

            a.     <u>Settlement Amount and Payment Terms</u>:

                i.     The DINUNZIOS shall pay the sum of $18,000.00, in exchange for a full release and an acknowledgment that the Judgment has been satisfied in full. The Settlement Payment shall be delivered to the office of my counsel so that it is received within three (3) business days following the date of my execution of this agreement, at the following address: Coughlin Law Firm, 12760 High Bluff Drive, Suite 210, San Diego, California 92130.

                ii.     The Settlement Payment shall be paid by check and made payable to the "Law Office of Sean C. Coughlin Client Trust Account" (the "Trust Account") with the following notation in the memorandum line "Bankruptcy Estate of Creative Capital Leasing Group, LLC." The Settlement Payment shall be deposited and held in the Trust Account pending court approval of the settlement. Immediately upon the entry of an Order from the Bankruptcy Court approving this settlement becoming a final, non-appealable order, my counsel may release the settlement funds by a check from the Trust Account to me as Chapter 7 Trustee for the Bankruptcy Estate of Creative Capital Leasing Group, LLC. If this settlement is not approved by the Bankruptcy Court, the releases and other agreements in this Settlement Agreement shall be null and void, and the settlement payment shall be returned to the DINUNZIOS within thirty (30) days following the date of the entry of the Order denying the approval of this settlement.

///

///

b. <u>Contingency</u>:

The Agreement is contingent upon neither of the DINUNZIOS filing a bankruptcy proceeding or commencing any other insolvency proceeding, within ninety-one (91) days following the date the Settlement Payment check from the Trust Account is deposited and clears my account for this bankruptcy estate.

c. <u>Acknowledgment of Satisfaction of Judgment</u>:

An Acknowledgment of Satisfaction of Judgment will be executed and mailed to counsel for the DINUNZIOS after ninety-one (91) days have elapsed following the date the Settlement Payment check from the Trust Account is deposited and clears my trust account, provided that no bankruptcy is filed by the either of the DINUNZIOS in the interim. If a bankruptcy is filed in the interim, the entire Judgment amount remains nondischargeable (less funds received from the DINUNZIOS), and the releases granted the DINUNZIOS herein shall immediately become null and void.

d. <u>Condition of Court Approval</u>:

The promises, covenants and releases contained in the Agreement are conditioned upon the approval of the Bankruptcy Court, and subject to notice to all parties in interest.

10. I believe this settlement is in the best interest of the bankruptcy estate. The extensive efforts taken to collect on the Judgment have not revealed any tangible income or assets of the DINUNZIOS to pay the Judgment.

11. A copy of the Agreement may be obtained by written request to my counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed at La Jolla, California, on February 18, 2015.

Leslie T. Gladstone

DECLARATION OF LESLIE T. GLADSTONE IN SUPPORT OF NOTICE OF INTENDED ACTION