DAVID A. ORTIZ, ATTORNEY #167587
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
880 FRONT STREET, SUITE 3230
SAN DIEGO, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>CREATIVE CAPITAL LEASING GROUP, LLC,<br><br>  Debtor. | Case No. 07-04977-LT7<br><br>MOTION FOR ORDER REOPENING CHAPTER 7 CASE, FINDING CAUSE TO APPOINT CHAPTER 7 TRUSTEE, AND WAIVING CASE REOPENING FEE; DECLARATION OF DAVID ORTIZ<br><br>Date:  n/a<br>Time:  n/a<br>Dept:  Two<br>Judge: Hon. Laura S. Taylor |

Tiffany L. Carroll, Acting United States Trustee for Region 15 ("UST"), moves this Court for an Order Reopening Chapter 7 Case, Finding "Cause" Exists to Appoint a Chapter 7 Trustee, and Waiving Case Reopening Fee, pursuant to 11 U.S.C. §350(b), Federal Rule of Bankruptcy Procedure 5010, Local Bankruptcy Rule 9013-3(l), and 28 U.S.C. §1930 ("Motion to Reopen").

## **FACTS**

1. On September 10, 2007 ("Petition Date"), Creative Capital Leasing

1

Group, LLC, (hereinafter "Debtor") filed a voluntary chapter 11 petition for relief.[1]  *See* Declaration of David Ortiz in Support of the United States Trustee's Motion to Reopen Case, attached hereto and incorporated herein by reference, at ¶2.

2. On October 10, 2008, the Court entered an order converting the Debtor's chapter 11 case to one under chapter 7 (docket # 569).[2]  *Id.* at ¶3.a. Leslie T. Gladstone was appointed chapter 7 trustee in the Debtor's case. *Id.* at ¶3.b.

3. On June 13, 2018, trustee Gladstone filed a "Chapter 7 Trustee Final Account and Certification that the Estate has Been Fully Administered" ("Final Account").[3]  *Id.* at ¶3.c. On July 5, 2018, the Court entered an "Order Approving Account, Discharging Trustee and Closing Estate."[4]  *Id.* at ¶3.d.

4. On April 26, 2022, the UST received correspondence from trustee Gladstone that informed she had received an offer to purchase the chapter 7 estate's rights under an equipment lease (that are secured by a both a personal guarantee and lien on a third party's real property) (the "Ford Lease") that were acquired by the chapter 7 estate via a post-petition settlement with California Bank & Trust. *Id.* at ¶5.  It is trustee Gladstone's contention that this asset was not deemed abandoned by operation of 11 U.S.C. §554(c). *Id.* The UST takes no position relative to trustee Gladstone's contention in this regard. *Id.* at ¶6.

---

[1] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the docket for the instant case (07-04977-LT7).
[2] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7, docket # 569.
[3] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Chapter 7 Trustee's Final Account, docket # 1276.
[4] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Court's Order Approving Account, Discharging Trustee and Closing Estate, docket # 1277.

5. Examination of the Final Account reveals that general unsecured creditors did not receive full payment on account of their claims in the case. *Id.* at ¶4.

## POINTS AND AUTHORITIES

**A.    The United States Trustee has standing to bring the instant motion to reopen.**

The United States Trustee is a party in interest and has standing to bring this motion pursuant to 11 U.S.C. § 307. *In re DeLash*, 260 B.R. 4 (Bankr. E.D. Cal. 2000). Moreover, the Bankruptcy Court has broad discretion to reopen a bankruptcy case. *In the Matter of Bianucci*, 4 F.3d 526, 528 (9th Cir. 1993).

**B.    Cause Exists to Reopen this Case.**

Federal Rule of Bankruptcy Procedure 5010 states that a court may reopen a bankruptcy case on the motion of the debtor or other party in interest pursuant to § 350(b) of the Code. Section 350(b) provides in pertinent part:

> § 350.  Closing and reopening cases.
>
> \* \* \*
>
> (b)    A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

The UST received information that an unadministered asset, the Ford Lease, was the subject of an offer to purchase from a third party. It is possible the offer might generate funds that could be administered for the benefit of creditors of this estate. Trustee Gladstone contends that the asset was not deemed abandoned by operation of law. The UST takes no position relative to trustee Gladstone's contention in this regard. However, the UST submits "cause" exists to reopen the

case so that a chapter 7 trustee can investigate the offer and take whatever actions that are necessary to determine whether the asset can be administered for the benefit of creditors of the estate.

### C. The Appointment of a Trustee is Necessary to Protect the Interests of Creditors and Insure Efficient Administration of the Case.

Federal Rule of Bankruptcy Procedure 5010 states, in pertinent part:

Rule 5010.  Reopening Cases.

* * *

In a Chapter 7, 12, or 13 case a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is necessary to protect the interests of creditors and the debtor or insure efficient administration of the case.

Fed. R. Bankr. P. 5010.

The United States Trustee submits that appointment of a chapter 7 trustee is necessary in this case.  There is an asset in which the estate may have an interest. Unsecured creditors' claims were not paid in full when the case was closed. The asset at issue may possibly be liquidated and administered for the benefit of creditors.  As one commentator noted, "[i]n cases where assets are to be administered, a trustee would obviously be appointed."  8 *Collier on Bankruptcy* § 5010.03 [7] at note 8, Matthew Bender, 15th ed.

### D. Case Reopening Fees Should be Waived as the United States Trustee is Exempt from Such Fees When Rendering Services on Behalf of the United States.

Local Bankruptcy Rule ("LBR") 5010-1 provides that the appropriate fee accompany a motion to reopen a case. However, under 28 U.S.C. § 1930(b)-

4

JUDICIAL CONFERENCE SCHEDULE OF FEES - "[n]o fees are to be charged for services rendered on behalf of the United States." 28 U.S.C. § 1930(b), JUDICIAL CONFERENCE SCHEDULE OF FEES.  In this case, the United States Trustee seeks to reopen the Debtor's Chapter 7 case based upon the authority conferred by Congress in 11 U.S.C. § 307.  Therefore, 28 U.S.C. section 1930 entitles the United States Trustee to an exemption from fees for reopening this case. *In re Pomaville*, 183 B.R. 187, 189 (Bankr. D. Minn. 1995).

### E.  No Notice is Required in Connection with the Motion to Reopen pursuant to LBR 9013-3(l).

While LBR 5010-1 provides that a motion to reopen a case must be accompanied by Local Form CSD 1182 ("Notice of Motion"), LBR 9013-3 excepts certain motions from that notice requirement as follows:

> **9013-3. Motions and Applications Not Requiring Notice.** The following motions and applications may be filed without notice and must be accompanied by an order submitted to the Court in accordance with the Administrative Procedures:
> ***
> (l) Motion to reopen a case and appoint a trustee upon identification of unscheduled assets[.]

LBR 9013-3(l). This Motion to Reopen falls squarely within the exception set forth in LBR 9013-3(l); and, consequently, the UST is not required to provide the notice required under LBR 5010-1 and may proceed to upload an order in connection herewith.

### CONCLUSION

For the foregoing reasons, the United States Trustee respectfully requests the

Court grant the Motion to Reopen, order the case reopened, find cause to appoint chapter 7 trustee, and waive the case reopening fee.

                              Respectfully submitted,

                              TIFFANY L. CARROLL
                              ACTING UNITED STATES TRUSTEE

Dated: June 7, 2022              By: /s/David A. Ortiz
                                David A. Ortiz,
                                Trial Attorney for the
                                Acting United States Trustee

## DECLARATION OF DAVID A. ORTIZ

I, David A. Ortiz, declare as follows:

1. I am an attorney employed by the Office of the United States Trustee and have personal knowledge of the facts stated herein and could competently testify thereto if called upon as a witness to so do.

2. I reviewed the docket for the above-captioned case which revealed that on September 10, 2007 ("Petition Date"), Creative Capital Leasing Group, LLC, (hereinafter "Debtor") filed a voluntary chapter 11 petition for relief.[5]

3. The docket further revealed that:

   a. On October 10, 2008, the Court entered an order converting the Debtor's chapter 11 case to one under chapter 7 (docket # 569).[6]

   b. Leslie T. Gladstone was appointed chapter 7 trustee in the Debtor's case.

   c. On June 13, 2018, trustee Gladstone filed a "Chapter 7 Trustee Final Account and Certification that the Estate has Been Fully Administered" ("Final Account").[7]

   d. On July 5, 2018, the Court entered an "Order Approving Account, Discharging Trustee and Closing Estate."[8]

---

[5] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the docket for the instant case (07-04977-LT7).

[6] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Court's Order Converting Case Under Chapter 11 to Case Under Chapter 7, docket # 569.

[7] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Chapter 7 Trustee's Final Account, docket # 1276.

[8] Pursuant to Fed. R. Evid. 201, the UST respectfully requests that the Court take judicial notice of the Court's Order Approving Account, Discharging Trustee and Closing Estate, docket # 1277.

4.      Examination of the Final Account reveals that general unsecured creditors did not receive full payment on account of their claims in the case.

5.      On April 26, 2022, I received correspondence from trustee Gladstone that informed she had received an offer to purchase the chapter 7 estate's rights under an equipment lease (that are secured by a both a personal guarantee and lien on a third party's real property) (the "Ford Lease") that were acquired by the chapter 7 estate via a post-petition settlement with California Bank & Trust.  The correspondence further contended that this asset was not deemed abandoned by operation of 11 U.S.C. §554(c).

6.      The UST takes no position relative to trustee Gladstone's contention in this regard.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief.  Executed at San Diego, California.

Date: June 7, 2022                                              /s/ David A. Ortiz
                                                                        David A. Ortiz