CSD 1180 [12/01/2021]

Name, Address, Telephone No. & I.D. No.

```
Joseph R. Dunn (SBN 238069)
Abigail V. O'Brient (SBN 265704)
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: (858) 314-1500
Special Counsel for Trustee Leslie T. Gladstone
```

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re

CREATIVE CAPITAL LEASING GROUP, LLC

BANKRUPTCY NO. 07-04977-PB7

Tax I.D.(EIN)#: _____ /S.S.#:XXX-XX-_____    Debtor.

**NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING**

TO OTHER PARTIES IN INTEREST:

**You are hereby notified** that _Leslie T. Gladstone_
(select one:)  ☒ the Trustee    ☐ United States Trustee    ☐ Debtor-in-Possession    ☐ Creditor,
proposes to:   (check all that apply)

☐ Use, sell or lease the following property not in the ordinary course of business [include information as required by FRBP 2002(c)(1)] and not free and clear of liens and interests[1];

☐ Abandon the following property [description of property to be abandoned];

☒ Compromise or settle the following controversy [description of controversy to be settled and relevant standards for approval as required by LBR 9019];    See **Exhibit A** attached hereto for details.

☐ Seek allowance of compensation or remuneration to debtor(s) or insiders as provided by LBR 4002-2;

☐ Seek compensation, commissions, or expenses of professionals to the extent the aggregate compensation and expenses    exceed $1,000 as governed by FRBP 2002(a)(6);

☐ Seek compensation for reimbursement of expenses from the estate when the application is that of the trustee only;

☐ Intended dismissal of a complaint or cause of action for denial of discharge under 11 U.S.C. § 727, provided by FRBP 7041;

☐ Other [specify the nature of the matter]:

---
[1] Note that Form CSD 1199 applies to sales free and clear of liens and interests.

CSD 1180

If you object to the proposed action:

1. **You are required** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letters:

   - MM - call (619) 557-7407 - DEPARTMENT ONE (Room 218)
   - LA - call (619) 557-6594 - DEPARTMENT TWO (Room 118)
   - LT - call (619) 557-6018 - DEPARTMENT THREE (Room 129)
   - CL - call (619) 557-6019 - DEPARTMENT FIVE (Room 318)

2. **Within fourteen (14)[2] days from the date of service of this motion**, you are further required to serve a copy of your *Declaration in Opposition to Motion* and separate *Request and Notice of Hearing* [Local Form CSD 1184[3]] upon the moving party, together with any opposing papers. The opposing declaration must be signed and verified in the manner prescribed by FRBP 9011, and the declaration must :

   a. identify the interest of the opposing party; and

   b. state, with particularity, the grounds for the opposition.

3. **You must** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West F Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

   **If you fail to serve your** "*Declaration in Opposition to Intended Action"* **and** "*Request and Notice of Hearing*" within the 14-day[3] period provided by this notice, **no hearing will take place**, you will lose your opportunity for hearing, and the moving party may proceed to take the intended action.

DATED: September 19, 2022

*/s/ Joseph R. Dunn*

Joseph R. Dunn
Attorney for Leslie T. Gladstone, Chapter 7 Trustee

---

[2]Depending on how you were served, you may have additional time for response. See FRBP 9006.

[3]You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

CSD 1180

# EXHIBIT A

Leslie T. Gladstone, the chapter 7 trustee (the "Trustee") of Creative Capital Leasing Group, LLC (the "Debtor") seeks an order approving a compromise with Dr. Gary E. Ford M.D., APC ("Ford APC") and Dr. Gary E. Ford ("Ford," and together with Ford APC, the "Ford Parties").

## BACKGROUND

On September 10, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the case entitled *In re Creative Capital Leasing Group, LLC*, Case No. 07-04977-PB7 (the "Bankruptcy Case"). On or about October 10, 2008, the Bankruptcy Court entered an order granting the U.S. Trustee's motion to convert the Bankruptcy Case from one under chapter 11 to one under chapter 7 of the Bankruptcy Code, and appointing the Trustee.

On or about October 9, 2009, the Trustee commenced an adversary proceeding against California Bank & Trust ("CB&T") entitled *Gladstone v. California Bank & Trust*, Case No. 09-90459-PB (the "CB&T Action"). The Trustee and CB&T settled the CB&T Action, entering into a Settlement Agreement and Release in April 2012 (the "2012 Settlement"), thereby resolving the claims asserted by the Trustee in the CB&T Action. Under the 2012 Settlement, CB&T transferred to the Trustee all rights, title and interest it had acquired through foreclosure pertaining to certain equipment lease agreements between the Debtor and certain third-parties, including, but not limited to, CB&T's rights under (i) that certain Lease No. 7710-01 executed on or about September 1, 2005 by and between the Debtor and Ford APC (the "Ford Lease"), (ii) the personal guarantee by Ford of Ford APC's obligations under the Ford Lease (the "Guarantee"), and (iii) that certain Deed of Trust (the "Deed of Trust") in favor of CB&T encumbering Ford's real property (the "Ford Property") and securing the obligations of Ford under the Guarantee. *See*, *generally*, Dkt. 907.

Since the Trustee's acquisition of her rights under the Ford Lease, Guarantee and Deed of Trust (collectively, the "Ford Lease Documents") pursuant to the 2012 Settlement, the obligations and debts of the Ford Parties have continued to accrue and remain outstanding.

On or around July 5, 2018, the Debtor's case was closed. [Dkt. 1277]

In early 2022, the Ford Parties contacted the Trustee to fully resolve the debt owed to the Trustee under the Ford Lease Documents, which the Trustee contends exceeds $200,000.

On or around June 9, 2022, the Debtor's case was reopened for the purpose of administering the Trustee's rights under the Ford Lease Documents, and the Trustee was reappointed as chapter 7 trustee of the Debtor's estate. [Dkts. 1280 and 1281]

## TERMS OF SETTLEMENT

The Ford Parties and the Trustee (collectively, the "Parties") have agreed to settle the debt owed to the Trustee under the Ford Lease Documents on the terms set forth in that certain Settlement

Agreement attached as Exhibit 1 to the "Declaration of Leslie T. Gladstone in Support of Notice of Intended Action to Approve Settlement and Release" (the "Declaration")[1]. Under the terms of the Settlement Agreement, the Ford Parties shall pay the Trustee $105,000 (the "Settlement Payment") and shall waive any claim against the Debtor's estate resulting from such payment, if any. Within ten (10) days of receipt by the Trustee of the Settlement Payment, the Trustee will record a reconveyance of the Deed of Trust to Ford, thereby releasing the Trustee's lien on the Ford Property, and will release the Ford Parties from any further obligations under the Ford Lease Documents. Additional terms of the settlement are set forth in the Settlement Agreement.

## DISCUSSION

In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the bankruptcy court must consider: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expenses, inconvenience, and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *In re A&C Props.*, 784 F. 2d 137, 1381 (9th Cir. 1986).

Probability of Success in Litigation
The Trustee contends she holds enforceable rights under the Ford Lease Documents for payment of the outstanding debt, which debt is secured by a valid security interest in the Ford Property. The Trustee is unaware at this time of any adverse position(s) the Ford Parties may take in the event of litigation over those rights. However, in the event the Trustee were to move forward with exercising her rights against the Ford Parties and/or the Ford Property, including litigation, the Trustee believes there is meaningful risk that her efforts could be delayed or impeded, and that the cost of pursuing formal enforcement remedies would result in a smaller net recovery than the amount set forth in the Settlement Agreement. Therefore, the Trustee's decision to enter into the settlement described above, and to avoid the cost and delay of litigation, is a prudent exercise of her business judgment.

Difficulties in Collection
The Trustee believes that, due to fluctuating real estate prices, among other things, it is unclear whether foreclosure of the lien granted under the Deed of Trust will result in payment in full of the outstanding obligations under the Ford Lease Documents. In addition to the potential risk of claims that the Ford Property (or some portion thereof) is exempt from enforcement, the Ford Property also appears to be encumbered by other liens totaling approximately $1.1 million that predate the Deed of Trust. Thus, it is unclear what amount will be remaining for recovery by the Trustee after payment of senior liens in any foreclosure sale. Moreover, foreclosure of the lien granted under the Deed of Trust will result in additional cost and delay. Finally, it is unclear to the Trustee whether the Ford Parties have non-exempt assets other than the Ford Property to satisfy any judgment the Trustee may obtain against them. The Settlement Agreement enables the Trustee to avoid the uncertainty of collection processes while securing a certain, swift and meaningful recovery for the estate and its creditors.

---

[1] The Declaration is filed concurrently with this Notice of Intended Action.

Complexity of the Litigation

The underlying issues between the Parties appear to be straightforward. However, the Trustee has not initiated a lawsuit or employed counsel to do so. And the apparent simplicity could become complicated by a number of factors: (i) potential unknown defenses asserted by the Ford Parties; (ii) difficulty in acquiring information in discovery from the Debtor's former employees and the Ford Parties; (iii) the delay inherent in litigation; and (iv) the ability to engage counsel without certainty of an outcome and, therefore, the ability to pay the administrative expense of pursuing litigation. The Trustee believes that avoiding litigation or other enforcement proceedings will result in substantial administrative savings.

Interests of Creditors

The proposed settlement will result in an immediate payment to the Trustee of $105,000. The Debtor's estate will save tens of thousands of dollars of additional administrative expenses it would otherwise incur if the Trustee were to proceed with litigation or other enforcement proceedings against the Ford Parties and the Ford Property. Creditors will directly benefit from these savings and from the distribution of net proceeds.

In light of the foregoing, the Trustee believes, in the exercise of her business judgment, that the proposed settlement with the Ford Parties is fair, reasonable, adequate and in the best interest of the estate and its creditors.